UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| NICOLE GIGGEE | : | |
| 742 Stoney Batter Road | : | |
| Muncy, PA 17756 | : | JURY DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| UPMC MUNCY | : | |
| 215 E. Water Street | : | |
| Muncy, PA 17756 | : | |
| | : | |
| And | : | |
| | : | |
| MUNCY VALLEY HOSPITAL | : | |
| 215 E. Water Street | : | |
| Muncy, PA 17756 | : | |
| | : | |
| Defendants | : | |

# CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, NICOLE GIGGEE (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, UPMC MUNCY (hereinafter "UPMC") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

3. Defendant, MUNCY VALLEY HOSPITAL (hereinafter "Muncy") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a corporate headquarters at the above captioned address. Both Defendants are hereinafter collectively referred to as "Defendants".

4. At all times material hereto, Defendants qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and as defined under Pennsylvania common law.

5. This action is instituted pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, and the Pennsylvania Human Relations Act.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

8. Plaintiff has exhausted her administrative remedies prior to bringing this civil rights claim.  [Exh. A.]

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II.  Operative Facts.**

10. On or about December 1, 2018, Defendants hired Plaintiff as a CNA.

11. In or around August of 2019, Plaintiff suffered a workplace injury wherein she was assaulted by a patient and sustained injuries to her back and leg.

12. Plaintiff filed and was subsequently approved for Workers' Compensation as a result.

13. On or about September 23, 2019, Plaintiff experienced a worsening of symptoms she had been experiencing because of the aforementioned incident, such that she was unable to even walk to speak.

14. Plaintiff was diagnosed with inflammatory disease, thyroid issues, as well as fibromyalgia.

15. Plaintiff requested and was approved for an FMLA leave so that she could undergo testing and treatment in order to try and stabilize her condition.

16. In or around December of 2019, Plaintiff's physician Dr. Daniel Barker cleared her to return to work with light duty restrictions – specifically, she was not able to pull or push and would need to sit for approximately fifteen (15) minutes per hour.

17. Plaintiff provided her physician's instructions to Defendants' supervisor, Kim Jones.

18. Ms. Jones advised Plaintiff that Defendants would not be able to accommodate the light-duty restrictions.

19. Plaintiff, who had previously performed light-duty work following her return to work after her workplace injury, asked if there were any other positions she would be able to perform that would allow her to work within the light-duty restrictions.

20. Defendants refused to offer any other positions to Plaintiff, nor allow her to work with her light-duty restrictions as mandated by her physician.

21. Due to this, Plaintiff was out of work on a medical leave as advised by her physician until approximately August of 2020.

22. In or around June of 2020, however, prior to her return to work date, Defendants terminated Plaintiff's employment.

23. Defendants failed to reasonably accommodate Plaintiff's disability.

24. Defendants failed to meaningfully engage in an interactive process towards the development of a reasonable accommodation for Plaintiff's disability.

25. At all times material hereto, Defendants were hostile to Plaintiff's diagnosed medical condition, need to take medical leave, and application for Workers' Compensation and terminated her as a result of that animus.

26. As a direct and proximate result of Defendants' conduct in terminating Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

## III. Causes of Action.

### COUNT I– AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)
### (Plaintiff v. Defendants)

27. Plaintiff incorporates paragraphs 1-26 as if fully set forth at length herein.

28. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

29. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

30. Defendants are an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

31. At all times material hereto, Plaintiff had a qualified disability, as described above.

32. Defendants failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

33. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

34. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, liquidated damages as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

35. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

36. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

**COUNT II – VIOLATION OF FMLA—RETALIATION**
**(29 U.S.C. §2601 et seq.)**

37. Plaintiff incorporates paragraphs 1-36 as if fully set forth at length herein.

38. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

39. As described above, Defendants terminated Plaintiff's employment, an adverse action, in retaliation for her exercising her rights to take FMLA leave.

40. Defendants' motivation in terminating Plaintiff's employment was based, in part, upon her application and utilization of FMLA leave.

41.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

42.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

43.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

### COUNT III—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendants)

44.     Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

45.     As set forth above, Plaintiff is a member of a protected class.

46.     Defendants failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

47.     Defendants terminated Plaintiff's employment.

48.     As set forth above, a motivating factor in the decision to terminate Plaintiff's employment is Plaintiff's disability.

49.     Plaintiff suffered disparate treatment in the manner in which she was terminated as compared to similarly situated able-bodied employees, who received more favorable treatment by Defendants.

50. As such, Defendants violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

51. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

52. Plaintiff demands attorneys' fees and court costs.

**COUNT IV—WRONGFUL TERMINATION-PENNSYLVANIA COMMON LAW**

53. Plaintiff hereby incorporates and restates the allegations contained in the preceding paragraphs as if set forth at length herein.

54. Defendants' conduct towards Plaintiff, as described above and incorporated herein, constitutes a wrongful termination of Plaintiff in that it violated public policy of the Commonwealth of Pennsylvania.

55. Plaintiff exercised a protected right in filing a Workers' Compensation claim.

56. Defendant was motivated to discharge Plaintiff and her termination was a direct consequence of her filing a Workers' Compensation claim.

57. Defendant's motivation in terminating Plaintiff's employment was to stifle, restrict and chill her and other employees' protected rights to file Workers' Compensation claims in the event of workplace injuries.

58. As a proximate result of Defendant's conduct, Plaintiff sustained damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity,

loss of future wages, loss of front pay, loss of back pay, lost benefits, as well as emotional distress, mental anguish, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

59. As a result of the conduct of Defendants, Plaintiff hereby demands punitive and liquidated damages.

60. Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, NICOLE GIGGEE demands judgment in her favor and against Defendants, UPMC MUNCY and MUNCY VALLEY HOSPITAL, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

                                         **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _/s/ Graham F. Baird_____

    **GRAHAM F. BAIRD, ESQUIRE**
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19102

    Attorney for Plaintiff, Nicole Giggee

Date: _8/13/2021_